Andrew G. Ogden (CA Bar # 112384)
Attorney at Law
PO Box 3673
Boulder, CO 80307-3673
(303) 818-9422
aogden@indra.com

Sean Malone (OR Bar # 084060) Pro Hac Vice
259 E.5th Ave, Ste200-G
Eugene, OR 97401
Tel: (303) 859-0403
Fax: (650) 471-7366
seanmalone8@hotmail.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSERVATION CONGRESS, | No. 2:15-cv-249-WBS-AC |
| Plaintiff, | Senior Judge William B. Shubb |
| v. | **LOCAL RULE 260(c) STIPULATION, STIPULATION TO WAIVE THE REMAINING LOCAL RULE 260(a) AND (b) REQUIREMENTS, AND [PROPOSED] ORDER** |
| UNITED STATES FOREST SERVICE and UNITED STATES FISH AND WILDLIFE SERVICE | |
| Defendants, | |

## INTRODUCTION

Under Local Rule 260(c), the Parties have stipulated to the facts in the United States Forest Service's Administrative Record and to the facts in the United States Fish and Wildlife Service's Administrative Record. Under Local Rule 143, the Parties have further stipulated to request the Court to waive the Local Rule 260(a) and (b) requirements to file statements of undisputed and disputed facts for six documents that are not currently part of either administrative record.

## BASIS FOR THEIR REQUEST

The Parties believe that statements of undisputed and disputed facts will not materially advance this case toward a resolution on the merits. Conservation Congress has brought this case under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706 and substantive provisions of the Endangered Species Act (ESA), 16 U.S.C. §§ 1531 *et seq*. Second Amended Complaint for Declaratory and Injunctive Relief (the Complaint) ¶¶ 3, 4, 5, 7, 8, 37-38, 39-43, 50, 57, 64, 70, 76, 83, 85-109,  111, 112,114, and 115.  ECF No. 10.

Federal Defendants' Position

The Ninth Circuit has directed courts to resolve challenges to agency action under the APA on summary judgment motions. *See Nw. Motorcycle Assn. v. USDA*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). When plaintiffs bring cases under the APA, "[t]he task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). Under the APA, "the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did*." Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985).

Because the Court need not, and may not, "find" underlying facts, there are no material facts essential to this Court's resolution of this action.  *See*, *e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 883-85 (1990). Thus, the "facts" necessary for resolution of this case on the pending cross-motions for summary judgment are set forth in the Administrative Record before the Court.  *See Russell Country Sportsmen v.*

1  *U.S. Forest Serv.*, 668 F.3d 1037, 1046 n.13 (9th Cir. 2011) ("rely[ing] on the correct numbers"

2  in the administrative record instead of relying on an apparent admission in a statement of

3  genuine issues), cert. denied, 132 S. Ct. 2439 (2012).

4  　　　Moreover, Conservation Congress's ESA claims do not authorize expanding the scope of

5  review beyond the agencies administrative records—not even for the ESA claims. *See*, *e.g.*, *Vill.*

6  *of False Pass v. Clark*, 733 F.2d 605, 609 (9th Cir. 1984).

7  　　　Therefore, Federal Defendants see no reason for a further statements of disputed and

8  undisputed facts because the two administrative records contain the information upon which the

9  APA allows this Court to rule. Nonetheless, the United States has identified six extra-record

10  documents that Plaintiffs have filed and that neither administrative record contains:

11  - The First Decl. of Andrew G. Ogden, ECF No. 35,

12  - The three exhibits to the First Declaration of Ogden, *id.* at 4-25, and

13  - Two exhibits attached to Plaintiff Conservation Congress's Request for Judicial Notice in
     Support of the Motion for Summary Judgment, ECF No. 37 at 6-19.

15  　　　Federal Defendants expect that the Court  will rule on whether it can consider those six

16  extra-record documents in the context of two motions. Conservation Congress has already filed a

17  Request for Judicial Notice. On December 11, 2015, Federal Defendants anticipate filing, along

18  with their cross-motion for summary judgment, a motion to strike the remaining extra-record

19  evidence Conservation Congress proffered. *See* [Scheduling] Order, ECF No. 24.

20  Conservation Congress's Position

21  　　　Conservation Congress brought claims under the Endangered Species Act (ESA), 16

22  U.S.C. §§ 1531 *et seq.*, the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 *et*

23  *seq.*, the National Forest Management Act (NFMA), 16 U.S.C. §§ 1601, *et seq.*, and the

24  Administrative Procedures Act (APA), 5 U.S.C. §§ 701 *et seq.*  Plaintiff's claims arising under

25  NFMA, NEPA, and, in part, the ESA are governed by an administrative record because they

26  arise under the APA.  Claims involving the APA are generally subject to an administrative

record, but the Ninth Circuit allows for the admission of extra-record evidence under certain circumstances.  *See Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).[1]

Plaintiff's remaining claims arise under the substantive provisions of the ESA, which required satisfaction of the statute's 60-day notification requirement.  16 U.S.C. § 1540(g)(1)(A). Plaintiff's claims under the ESA's citizen suit provision do not involve review of "final agency action" under the Administrative Procedure Act, and, therefore, are not limited to an administrative record.  *See Washington Toxics Coalition v. EPA,* 413 F.3d 1024, 1034 (9th Cir. 2005); *Oregon Nat'l Desert Assoc. v. Kimbrell*, 593 F. Supp. 2d 1217, 1220 (D. Or. 2009); *Western Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 497 (9th Cir. 2011), *cert denied*, 132 S. Ct. 366 (2011); *Oregon Nat'l Desert Assoc. v. Tidwell*, 716 F. Supp. 2d 982, 987-88 (D. Or. 2010) .  Thus, for those claims arising under NEPA and NFMA and the claims arising under the ESA challenging final agency action, Plaintiff's claims are reviewed against the administrative record and those documents admitted pursuant to the Ninth Circuit's well-established exceptions.  For those claims arising under the substantive provisions of the ESA, Plaintiff's claims are not limited to the administrative record.

Plaintiff will respond to any motion to strike by the Defendants of any extra-record evidence proffered by Plaintiff.

Stipulation

The Parties do not dispute that this Court may rely on the Forest Service's Administrative Record and the Fish and Wildlife Service's Administrative Record.  The Parties, however, do

---

[1] In *Lands Council,* the Ninth Circuit stated:
>  We have, however, crafted narrow exceptions to this general rule. In limited circumstances, district courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) if "the agency has relied on documents not in the record," (3) "when supplementing the record is necessary to explain technical terms or complex subject matter," or (4) "when plaintiffs make a showing of agency bad faith." *Id.* at 1030, c*iting Southwest Ctr. for Biological Diversity v. United States Forest Serv.,* 100 F.3d 1443, 1450 (9th Cir.1996).

*Lands Council*, 395 F.3d at 1030.

disagree on whether this Court may consider the extra-record documents. The Parties do not believe that this disagreement necessitates separate statements of undisputed and disputed facts. Furthermore, Plaintiff has set forth factual background within its Memorandum in Support of Plaintiff's Motion for Summary Judgment, and, therefore, does not believe that a separate statement of undisputed facts is necessary.

Granting this stipulation will not cause undue prejudice or harm to the Parties' respective rights or interests because the Parties all respectively agree that the statements of undisputed and disputed facts would not advance this case farther than the cross-motions for summary judgment will advance this case. Granting this motion will serve the public interest by conserving the Court's and the Parties' scarce and valuable resources that they would spend preparing and reviewing those statements. Denying this stipulation will cause undue prejudice or harm to the Parties' respective rights or interests because the Parties are seeking to complete briefing on their cross-motions for summary judgment expeditiously to avoid briefing a motion for a temporary restraining order or for a preliminary injunction in spring 2015. Filing lengthy statements could delay their brief filings.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request the Court to waive the Local Rule 260(a) and (b) requirements for the Parties to file statements of undisputed and disputed facts with their summary judgment motions.

Respectfully submitted on December 9, 2015,

> _s/ Andrew G. Ogden_
> Andrew G. Ogden (CA Bar #112384)
> Attorney at Law
> PO Box 3673
> Boulder, CO 80307-3673
> (303) 818-9422
> aogden@indra.com
>
> _s/ Sean T. Malone_
> Sean T. Malone (OR Bar # 084060) Pro Hac Vice
> 259 E.5th Ave, Ste200-G
> Eugene, OR 97401
> Tel: (303) 859-0403

Fax: (650) 471-7366
seanmalone8@hotmail.com

*Attorneys for Conservation Congress*


JOHN C. CRUDEN
Assistant Attorney General

*/s/ Jeremy Hessler*
JEREMY HESSLER, CA Bar No. 281462
Trial Attorney
Wildlife and Marine Resources Section
JARED S. PETTINATO, MT Bar No. 7434
Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0431 (Hessler) | (202) 305-0203 (Pettinato)
(202) 353-0506 (fax)
Jeremy.Hessler@usdoj.gov
Jared.Pettinato@usdoj.gov

*Attorneys for Federal Defendants*

Of Counsel:

Ritu Ahuja
Attorney
Office of the General Counsel
United States Department of Agriculture
San Francisco, California

Andrew G. Ogden (CA Bar # 112384)
Attorney at Law
PO Box 3673
Boulder, CO 80307-3673
(303) 818-9422
aogden@indra.com

Sean Malone (OR Bar # 084060) Pro Hac Vice
259 E.5th Ave, Ste200-G
Eugene, OR 97401
Tel: (303) 859-0403
Fax: (650) 471-7366
seanmalone8@hotmail.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSERVATION CONGRESS,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES FOREST SERVICE and UNITED STATES FISH AND WILDLIFE SERVICE<br><br>        Defendants, | lNo. 2:15-cv-249-WBS-AC<br><br>Senior Judge William B. Shubb<br><br>**ORDER ON LOCAL RULE 260(c) STIPULATION, STIPULATION TO WAIVE THE REMAINING LOCAL RULE 260(a) AND (b) REQUIREMENTS** |

        The Parties' Local Rule 260(c) Stipulation to waive the Local Rule 260(a) and (b)

requirements for the Parties to file statements of undisputed and disputed facts with their

summary judgment motions is hereby ALLOWED.

Dated:  December 10, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

1

<u>CERTIFICATE OF SERVICE</u>

2

        I hereby certify that on December 9, 2015, I electronically filed the foregoing with the

3

4

Clerk of the Court using the CM/ECF system which will send notification of such filing to all

5

parties.

6

7

                                *s/ Sean T. Malone*
                                Sean T. Malone

8

                                Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28